UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEMI-MATERIALS CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:06CV1426 FRB |
| ) | |
| MEMC ELECTRONIC MATERIALS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This cause is before the Court on defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc.'s Emergency Motion for Stay Pending Appeal [Doc. #55]. By separate Order entered March 31, 2008, the defendants' motion was granted. [See Doc. #61.] This Memorandum Opinion serves to set forth the reasons for the stay's issuance and the terms of such stay. See Fed. R. Civ. P. 65(d); 11 Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d* § 2904.

On March 17, 2008, upon finding the parties to have entered into a binding settlement agreement on November 22, 2007, the Court ordered the parties to comply with the terms of such agreement and specifically,

> that within ten (10) business days of the date of [the] Order, Semi-Materials shall pay MEMC for the shipment of the first fifty (50) metric tons of polysilicon described in the Term Sheet (i.e., forty (40) metric tons of granular polysilicon and ten (10) metric tons of PX chunk polysilicon) at a price of Three Hundred Seventy and 00/100 Dollars (US $370) per kilogram and that MEMC shall ship this fifty (50) metric tons of polysilicon to Semi-Materials within five (5) business days after receipt of such payment[; and]

> . . . that subsequent payments for and shipments of polysilicon shall be made in accordance with the schedule set forth in the Term Sheet beginning with the shipments for the first quarter of 2008.

[Memo. & Order, filed Mar. 17, 2008/Doc. # 52.]

Defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc. (collectively "MEMC"), appealed this Memorandum and Order to the Eighth Circuit Court of Appeals on March 24, 2008 [Doc. #53], and simultaneously filed the instant Emergency Motion for Stay Pending Appeal. Plaintiff Semi-Materials Co., Ltd. ("Semi-Materials") responded to defendants' motion on March 28, 2008, to which defendants MEMC replied on March 29, 2008. As noted above, the Court granted defendants' motion on March 31, 2008.

The parties do not dispute that the Memorandum and Order appealed from constitutes an order of injunctive relief inasmuch as it is "an order to do rather than an order to pay [damages]." Miller v. LeSea Broadcasting, Inc., 927 F. Supp. 1148, 1151 (E.D. Wis. 1996) (internal quotation marks and citation omitted). Under Fed. R. Civ. P. 62(c), "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The factors which the Court must consider in analyzing a request for stay under Rule 62(c) are:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

For the reasons set out in this Court's Memorandum and Order entered March 17, 2008, the undersigned does not believe that defendants have demonstrated that they are likely to succeed on the merits of their appeal. Upon the Court's review of the undisputed facts and relevant case law in this cause, it was apparent that a binding settlement agreement was reached between the parties on November 22, 2007, upon plaintiff's unconditional acceptance of defendants' offer of settlement as set out in the Proposed Settlement Term Sheet delivered to plaintiff on November 20, 2007. The Proposed Settlement Term Sheet offered by defendants on November 20, 2007, and accepted by plaintiff on November 22, 2007, contained all the material and essential terms of the agreement and acknowledged that only the matter of drafting a proper release remained to be addressed. There was no indication in the settlement offer, or in its acceptance, of any clear intent not to be bound thereby in the absence of a written agreement. Subsequent disagreements do not negate the fact that an enforceable agreement was reached on November 22, 2007. The court of appeals, however, will determine this contract question *de novo*, and the undersigned agrees that defendants have raised serious questions of law going to the merits of the claim. See Knutson v. AG Processing, Inc., 302 F. Supp. 2d 1023, 1035 (N.D. Iowa 2004); cf. In re Public Serv. Co. of New Hampshire, 116 B.R. 347 (Bankr. D.N.H. 1990) (likelihood of success on appeal diminished inasmuch as issues on appeal were fact intensive and thus subject to "clearly erroneous" standard of review). Nevertheless, the "likelihood of success" element is not a rigid one, and an applicant who has failed to show a likelihood of success on appeal may still be entitled to a stay if the applicant makes a strong showing on the other factors. See Standard Havens Prods., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 512-13 (8th Cir. 1990); Miller, 927 F. Supp. at 1151-52.

Defendants have demonstrated that they could suffer irreparable injury absent a stay of the specific performance ordered on March 17, 2008. Without a stay, defendants would have been required to deliver fifty metric tons of polysilicon not later than March 31, 2008, in accordance with the terms of the Settlement Term Sheet; and an additional fifty metric tons of the material potentially on a date not later than April 7, 2008, in accordance with additional specific terms of the Order. While it would be achievable to repay to plaintiff any monies it would have paid to defendants to secure these required shipments of polysilicon if defendants were to prevail on appeal, it would be impossible to undo the shipments themselves and to place defendants in the position occupied prior to shipment inasmuch as the goods, once shipped and received, are actively used by plaintiff for its products in its semiconductor-related business. [See Pltf.'s Amd. Compl. at para. 1.] It thus appears that the goods could not be returned to defendants in their original state. Further, defendants have shown that to procure and ship the amount of goods required in this limited time frame would be impossible given the sheer volume of the goods and would result in irreparable injury inasmuch the shipment of such volume to plaintiff alone would result in defendants' inability to satisfy obligations to other customers.

If a stay is granted, the delivery of polysilicon materials to plaintiff will be delayed. However, the undersigned does not believe such delay will impose a burden upon plaintiff to the degree that any resulting injury outweighs the potential significant injury to defendants. In accordance with the Court's Memorandum and Order of March 17, 2008, and in accordance with the terms of the Settlement Term Sheet, determined by the Court to be an enforceable contract, a shipment of polysilicon was to be made to plaintiff not later than March 31, 2008, with additional shipment to made on a date not later than April 7, 2008. The provision of such polysilicon was to be made as part

of an agreement to settle the instant lawsuit which was filed by plaintiff in September 2006. In its last offer of settlement made to plaintiff on November 20, 2007, defendants averred that if there was no agreement to the Settlement Term Sheet, then the instant litigation would continue. At the time, the matter was set on this Court's trial docket of August 11, 2008, and dispositive motions were to be filed not later than April 18, 2008. [See Case Management Order, filed Aug. 1, 2007/Doc. #31.] As such, in the absence of settlement, the instant case would continue to be pending, without resolution; and disposition of plaintiff's claims, including claims for specific performance, would not occur for a period of months. Further, as demonstrated by the pendency of the instant action, plaintiff is not without a remedy if it were to ultimately prevail on defendants' appeal.

Finally, the parties agree, as does the Court, that the Court's ruling on defendants' request for stay would have little, if any, impact on the public interest.

Therefore, upon balancing the factors set out above, the undersigned determines the equities to weigh in favor of granting MEMC's request for stay pending appeal. Under Fed. R. Civ. P. 62(c) and (d), the Court determines to require MEMC to post supersedeas bond as a condition of the stay. Defendants contend that such a bond is not warranted in the instant cause, but aver that the monetary sum set out in the Settlement Term Sheet to be paid by defendants to plaintiff would be an appropriate amount. Plaintiff appears to suggest a bond at a minimum amount of $80 million, arguing that such amount would reflect the total value of the goods to be provided by defendants MEMC to the plaintiff pursuant to the agreement, in addition to the monetary amount set out in the Settlement Term Sheet, the value of the right of first refusal, and costs and interest. Plaintiff admits that arriving at a certain figure encompassing its interests as listed above, however, would be complicated.

Upon consideration of the arguments presented by the parties, the undersigned determines that the monetary amount to be paid by defendants to plaintiff as set out in the Settlement Term Sheet would constitute an appropriate supersedeas bond. As reflected in the Settlement Term Sheet, the parties agreed as part of the settlement that $5.1 million plus interest at the rate of 5% from November 28, 2005, to June 26, 2006, would be paid by defendants to plaintiff. A review of the Term Sheet shows it not to identify with specificity any other monies to be paid by defendants to plaintiff and indeed provides for "[n]o further cash payment by MEMC to Semi." [See Memo. & Order/Doc. #52 at p. 6.] The undersigned determines that an amount greater than that set out in the Term Sheet would be too speculative.

Therefore, it was for all of the foregoing reasons that the undersigned determined on March 31, 2008, to grant defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc.'s Emergency Motion for Stay Pending Appeal, and order defendants to post a supersedeas bond in the amount of $5.1 million plus interest at the rate of 5% from November 28, 2005, to June 26, 2006, as a condition of such stay.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _1st_ day of April, 2008.