UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEMI-MATERIALS CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:06CV1426 FRB |
| ) | |
| MEMC ELECTRONIC MATERIALS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is the MEMC defendants' Motion for Protective Order Related to Deposition Subpoena to Non-Party King [Doc. #97]. A hearing was held on the motion on July 13, 2010. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Since the hearing on July 13, 2010, plaintiff has filed a written response to the motion, to which the defendants have replied. The deposition at issue is presently scheduled for August 17, 2010. Based upon on the Court's review of the positions of the parties and the state of the law governing the instant dispute, the motion will be granted in part and denied in part.[1]

---

[1] Despite the four-year pendency of this lawsuit and the parties' previous and consistent reliance on Missouri law to govern the action, the parties now assert, for the first time, that the terms of a treaty of the United States, and specifically, the United Nations Convention on Contracts for the International Sale of Goods, may govern the underlying contractual dispute. In light of this new position and the extent to which the course of this litigation may be affected thereby, the Court could engage in a lengthy and exhaustive analysis of the issues raised in the instant motion and the state of the law governing such issues. Expediency in resolution of the motion is necessary, however, to allow the parties to prepare and proceed with the scheduled deposition, thereby preventing any extensive discourse on the matter.

The issue underlying the instant motion for protective order is the extent to which, if any, Missouri's accountant-client privilege applies to documents sought by plaintiff to be produced by defendants' accountant/auditor, KPMG, in response to a subpoena duces tecum issued to KPMG by plaintiff. In response to defendants' argument that the privilege bars such production, plaintiff contends, first, that the United Nations Convention on the International Sale of Goods (CISG) applies to the underlying contractual dispute and that, because the CISG does not recognize an accountant-client privilege, such privilege does not apply here. Second, plaintiff argues that this cause of action is before the Court pursuant to this Court's federal question jurisdiction inasmuch as the underlying contractual dispute is governed by the CISG, and thus that Fed. R. Evid. 501 dictates that federal common law—and not State law—determines questions of privilege. Finally, plaintiff contends that to the extent Missouri law applies to the question of accountant-client privilege, defendants have effectively waived such privilege by invoking their accountant/auditor's advice as a defense to plaintiff's claims.

In plaintiff's original and Amended Complaint [Doc. ## 1, 26] plaintiff invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332 as the jurisdictional basis of this lawsuit. Inasmuch as the controversy in this matter is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000.00, such invocation was proper. 28 U.S.C. § 1332(a)(2). In diversity cases, however, the CISG continues to govern issues properly determined thereunder. See Mitchell Aircraft Spares, Inc. v. European Aircraft Serv. AB, 23 F. Supp. 2d 915 (N.D. Ill. 1998). As such, plaintiff's mere invocation of diversity jurisdiction rather than federal question jurisdiction does not preclude application of the CISG to matters it properly governs. However, with respect to issues not covered in express terms by the CISG, the forum's choice of law principles apply. See Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc., 313 F.3d 385, 389 (7th Cir. 2002).

As an initial matter, the undersigned notes that the underlying contract at issue in this cause has not been presented to the Court, and thus the Court cannot determine whether the provisions of the CISG apply to the contract, whether the parties opted out of any of the CISG's provisions, and/or whether there exists a choice of law provision in the contract. Nevertheless, assuming without deciding, for purposes of this motion only, that the CISG applies in this case, there is no provision therein governing evidentiary matters, and specifically relating to a party's assertion of privilege. Accordingly, the forum's choice of law principles apply to questions of privilege. See Zapata, 313 F.3d at 389.

Plaintiff argues that because the CISG applies to the underlying contractual dispute, the instant cause of action is one of federal question jurisdiction and thus that the federal common law of privilege applies instead of Missouri's State-created accountant-client privilege. See Fed. R. Evid. 501. Alternatively, plaintiff argues that even if Missouri's accountant-client privilege applies in this case, defendants have nevertheless waived the privilege by invoking its accountant/auditor's advice as a defense to plaintiff's claims in this cause. The Court will briefly address each of plaintiff's arguments in turn.

*Federal Common Law of Privilege*

As noted above, the underlying contract in dispute in this case has not been presented to the Court and thus there presently is no information upon which a determination can be made that the CISG applies to the instant cause of action. Assuming without deciding, for purposes of this discussion only, that the CISG does apply and thus that this matter is one to be resolved by application of federal law, the undersigned notes there to be no confidential accountant-client privilege under federal law. United States v. Margaritas Mexican Rest., Inc., 138 F.R.D. 566, 568-69 (W.D. Mo. 1991). The accountant-client privilege invoked by the defendants here is one created solely by the Missouri State legislature.

"[I]n a fundamentally federal proceeding, the court may not recognize a state-created privilege." Margaritas, 138 F.R.D. at 568-69 (citing Couch v. United States, 409 U.S. 322, 335 (1973)). As such, assuming this cause to be fundamentally federal in nature given the assumed applicability of the CISG, Missouri's accountant-client privilege would not apply in this case and could not serve to protect defendants from KPMG's production of documents sought by plaintiff.

Defendants do not rely solely on Missouri's accountant-client privilege, however, in their request for protective order. Invoking Fed. R. Civ. P. 26(b)(1), defendants also contend that many of the documents sought are irrelevant to the instant cause of action and are not reasonably calculated to lead to the discovery of admissible evidence. Upon review of the materials and briefs submitted by the parties in relation to the instant motion, the Court agrees. As a defense to this action, defendants assert that they terminated the contracts in question on instruction by KPMG subsequent to an audit performed by KPMG which resulted in defendants' restatement of its financial statements in October 2005.[2] Plaintiff has submitted excerpts of the deposition of John Kauffmann, MEMC's Senior Vice President for Sales and Services, which shows Kauffmann to have testified that KPMG instructed MEMC to cancel all of MEMC's tiered-pricing arrangements, *i.e.*, "high-low deals," it had with its customers. To the extent plaintiff's subpoena duces tecum requests documents and testimony from KPMG seeking information outside the scope of its advice to MEMC to cancel such arrangements, such information is irrelevant to the instant cause of action and is not reasonably likely to lead to the discovery of admissible evidence. Defendants' request for a protective order with regard to such information should therefore be granted.

---

[2] KPMG is a "global network of professional services firms" which offers audit, tax and advisory services to its clients. (Defts.' Mot. for Prot. Order at para. 4.)

*Missouri Accountant-Client Privilege*

Under Mo. Rev. Stat. § 326.322.1, "[e]xcept by permission of the client for whom a licensee performs services . . . , a licensee . . . shall not voluntarily disclose information communicated to the licensee by the client relating to and in connection with services rendered to the client by the licensee. The information shall be privileged and confidential[.]"

> A licensee shall not be examined by judicial process or proceedings without the consent of the licensee's client as to any communication made by the client to the licensee in person or through the media of books of account and financial records, or the licensee's advice, reports or working papers given or made thereon in the course of professional employment, nor shall a secretary, stenographer, clerk or assistant of a licensee, or a public accountant, be examined, without the consent of the client concerned, regarding any fact the knowledge of which he or she has acquired in his or her capacity as a licensee. This privilege shall exist in all cases except when material to the defense of an action against a licensee.

Mo. Rev. Stat. § 326.322.2.

Assuming without deciding, for purposes of this discussion only, that Missouri's laws of privilege indeed apply to the instant dispute, the Court finds MEMC to have waived the privilege to the extent it invoked the advice of KPMG as a defense to plaintiff's claims in this case. A review of MEMC's defense in conjunction with the deposition testimony of MEMC representative Kauffmann shows MEMC to have voluntarily and knowingly disclosed the advice of its accountant/ auditor and relied on that advice to justify its termination of all high-low pricing agreements, including its agreement(s) with plaintiff. Because MEMC has made KPMG's audit-related instructions regarding termination of high-low agreements an issue in this litigation, MEMC has waived any privilege which may have attached to information relating to such instructions. See <u>State ex rel. Southwestern Bell Publ'ns v. Ryan</u>, 754 S.W.2d 30 (Mo. Ct. App. 1988). Plaintiff is therefore entitled to KPMG audit documents and testimony

relating to MEMC's termination of its high-low agreements with plaintiff and other customers. To the extent plaintiff's subpoena duces tecum requests documents and testimony from KPMG seeking information outside the scope of its advice to MEMC to cancel such arrangements, the undersigned finds MEMC not to have waived Missouri's accountant-client privilege to such material, and defendants' request for a protective order with regard to such information should therefore be granted.

*Conclusion*

Because the issue raised in the instant motion is not covered in express terms by the CISG, the forum's choice of law principles govern the instant question of privilege. Regardless of whether the federal common law of privilege applies or Missouri's accountant-client privilege, plaintiff has demonstrated that it is entitled to the production of KPMG documents and testimony as they relate to KPMG's audit-related instructions regarding termination of high-low agreements with MEMC's customers, including, *but not limited to*, plaintiff Semi-Materials.

Accordingly,

**IT IS HEREBY ORDERED** that the MEMC defendants' Motion for Protective Order Related to Deposition Subpoena to Non-Party King [Doc. #97] is **GRANTED IN PART AND DENIED IN PART.** A separate Protective Order is entered herewith.

                                                                                     /s/ Frederick R. Buckles

UNITED STATES MAGISTRATE JUDGE

Dated this *3rd* day of August, 2010.