UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEMI-MATERIALS CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:06CV1426 FRB |
| ) | |
| MEMC ELECTRONIC MATERIALS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**IT IS HEREBY ORDERED** that plaintiff Semi-Materials Co., Ltd.'s Motion to Exclude Testimony of Defendant's Proffered Expert on Law, Professor William S. Dodge (Doc. #103), is **GRANTED**.

In this cause, the Court is not called upon to apply a foreign country's law to the matters at issue.  As such, the defendants' invitation under Fed. R. Civ. P. 44.1 for the Court to consider their legal expert's opinion on the applicability of a treaty of the United States, that is, the United Nations Convention on the International Sale of Goods (CISG), is misplaced.  See BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador, 332 F.3d 333, 337 ("A signatory's assent to the CISG necessarily incorporates the treaty as part of that nation's domestic law."); Caterpillar, Inc. v. Usinor Industeel, 393 F. Supp. 2d 659, 673 (N.D. Ill. 2005) ("As a treaty to which the United States is a signatory, the CISG is federal law[.]").  Nevertheless, even if the Court were required to determine foreign law in this cause of

action, Rule 44.1 does not compel the Court's consideration of expert testimony on such matters and the Court may decline to do so.  See Bodum USA, Inc. v. La Cafetiere, Inc., 621 F.3d 624 (7th Cir. 2010); cf. Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A., 659 F. Supp. 2d 407, 412 (E.D.N.Y. 2009) ("Federal courts . . . have had little difficulty in interpreting and applying the CISG.").

Finally, plaintiff is correct in its assertion that expert testimony on legal matters, offered *for purposes of aiding a jury*, is impermissible.  Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003); United States v. Klaphake, 64 F.3d 435, 438-39 (8th Cir. 1995); Johnson v. Avco Corp., 702 F. Supp. 2d 1093, 1109 (E.D. Mo. 2010). Although defendants contend that they offer the testimony of their legal expert under Rule 44.1 only *for purposes of assisting the Court* in interpreting and applying the CISG, for the reasons set out above, Rule 44.1 is not properly invoked in this cause. Nevertheless, the Court declines defendants' invitation to consider their legal expert's opinion on the application of the CISG to plaintiff's claims.

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this _10th_ day of January, 2011.