UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEMI-MATERIALS CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1426 FRB |
| | ) |
| MEMC ELECTRONIC MATERIALS, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc.'s Motion for Summary Judgment on Counts II-IV (filed July 30, 2010/Doc. #111), directed to plaintiff's Second Amended Complaint[1]; and on plaintiff Semi-Materials Co., Ltd.'s Motion for Partial Summary Judgment (filed October 22, 2010/Doc. #167). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Semi-Materials Co., Ltd. ("Semi-Materials"), brings this action against defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc. (collectively "MEMC"), alleging that

---

[1] At the time defendants filed the instant motion, plaintiff's motion for leave to file its Second Amended Complaint was pending before the Court. In the instant motion, defendants request in a footnote that the motion be directed to the Second Amended Complaint in the event leave for its filing was granted. On August 9, 2010, plaintiff's Second Amended Complaint was filed with leave of Court. Accordingly, defendants' instant motion for summary judgment is considered to be directed to the Second Amended Complaint.

defendants' actions in procuring and then failing to perform on certain contracts constituted fraud and breach of contract from which plaintiff argues it is entitled to compensatory and punitive damages. Plaintiff also contends that defendants were unjustly enriched by their conduct and that plaintiff is therefore entitled to restitution. To the extent plaintiff contends in Count IV of the Second Amended Complaint that the remedy of specific performance is justified in the circumstances of this case, the undersigned notes that such claim was dismissed without prejudice on September 8, 2010. As such, presently before the Court are plaintiff's claims of breach of contract (Count I), fraud (Count II) and unjust enrichment (Count III).

I. Defendants' Motion for Summary Judgment on Counts II-IV

A. *Count II - Fraud*

In their motion for summary judgment, defendants argue that they are entitled to judgment as a matter of law on plaintiff's claim of fraud as raised in Count II of its Second Amended Complaint. Specifically, defendants contend that plaintiff is unable to provide sufficient evidence demonstrating that at the time of the formation of the contracts at issue in this cause, the speaker knew that the representations made to Semi-Materials were false or was ignorant of their truth, that is, that MEMC had no intention to perform its obligations under the contracts and deliver <u>all</u> of the products pursuant to the high/low agreements. Defendants also argue that plaintiff has failed to present evidence

that it has suffered recoverable damages on account of the fraud.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." A dispute about a material fact is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "In performing the genuineness inquiry, trial courts should believe the evidence of the party opposing summary judgment and justifiable inferences should be drawn in that party's favor." <u>Commercial Union Ins. Co. v. Schmidt</u>, 967 F.2d 270, 272 (8th Cir. 1992) (citing <u>Anderson</u>, 477 U.S. at 255). "A court is not 'to weigh the evidence and determine the truth of the matter but [instead should] determine whether there is a genuine issue for trial.'" <u>Id.</u> (quoting <u>Anderson</u>, 477 U.S. at 249). "[T]rial courts should act with great caution and may deny summary judgment when it believes 'the better course is to proceed with a full trial.'" <u>Id.</u> (quoting <u>Anderson</u>, 477 U.S. at 255). To avoid summary judgment, the plaintiff need not provide direct proof that a genuine issue of fact exists for trial. However, the facts and circumstances that it relies upon "must attain the dignity of substantial evidence and not be such as merely to create a suspicion." <u>Taylor v. White</u>, 321 F.3d 710, 715 (8th Cir. 2003) (internal quotation marks and citation omitted); <u>see also</u> <u>Davison v. City of Minneapolis, Minn.</u>, 490 F.3d 648, 666

(8th Cir. 2007).

Upon review of the defendants' motion and the materials and briefs submitted in support of each party's position, the undersigned finds there to be genuine issues of material fact in dispute between the parties on plaintiff's claim of fraud. Viewing the evidence presently before the Court in a light most favorable to plaintiff and drawing all reasonable inferences in plaintiff's favor, the undersigned finds there to be substantial evidence raising genuine issues of material fact, including, but not limited to, whether, at the time the parties entered into the contracts at issue, MEMC, its agents, and/or employees 1) made false representation(s) to Semi-Materials regarding MEMC's intent to deliver <u>all</u> of the products as contracted for in the high/low agreements; 2) failed to disclose MEMC's intention or understanding that MEMC could unilaterally cancel said contracts without notice; and 3) knew, at that time, that such representation(s) were false or were ignorant of their truth. <u>See</u> <u>Renaissance Leasing, LLC v. Vermeer Mfg. Co.</u>, 322 S.W.3d 112, 133 (Mo. banc 2010) (when fraud claim is based on statement of intent, plaintiff establishes falsity by showing that when the statement was made, the speaker did not intend to perform consistently with the statement); <u>Jacobs Mfg. Co. v. Sam Brown Co.</u>, 19 F.3d 1259, 1263-64 (8th Cir. 1994) (applying Missouri law) (although intent not to perform cannot be shown solely by speaker's nonperformance, intent can be shown by other evidence); <u>Reeves v. Keesler</u>, 921 S.W.2d 16, 21 (Mo. Ct. App.

1996) (silence or nondisclosure of material fact can be an act of fraud if there exists a duty to disclose; duty arises either where there is a relation of trust and confidence between the parties or where one party has superior knowledge or information not within the fair and reasonable reach of the other party) (citing Andes v. Albano, 853 S.W.2d 936, 943 (Mo. banc 1993)).  Cf. Birdsong v. Christians, 6 S.W.3d 218, 225 (Mo. Ct. App. 1999) ("[P]roof of a party's knowledge is similar to proof of such elusive facts as intent, motive, undue influence, mental capacity, and the like. Summary judgment is rarely appropriate in these types of cases in which facts must in nearly every case be proven by circumstantial evidence.") (internal quotation marks and citation omitted).

To the extent defendants argue that plaintiff cannot sustain its fraud claim on account of its failure to provide evidence of damages other than that submitted on its claim of breach of contract, defendants' argument is misplaced.  To recover on a claim for fraud, a party need not prove damages separate from those sustained as a result of a breach of contract.  See Trimble v. Pracna, 167 S.W.3d 706, 711 (Mo. banc 2005).  "If a plaintiff's damages for breach of contract and for fraud are the same, then the damage awards merge."  Id.; see also Chesus v. Watts, 967 S.W.2d 97, 114 (Mo. Ct. App. 1998) (where relief is obtained on claim of breach of contract, nominal relief can be awarded on fraud claim to avoid duplication of actual damages).

Accordingly, on the information before the Court, and

viewing all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986), it cannot be said that defendants have established their right to judgment with such clarity as to leave room for no controversy and that plaintiff is not entitled to prevail under any discernable circumstances. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). Therefore, defendants' motion for summary judgment should be denied to the extent it seeks judgment as a matter of law on Count II of plaintiff's Second Amended Complaint.

    B.   *Count III – Unjust Enrichment*

Plaintiff contends, and defendants do not dispute, that the United Nations Convention on the International Sale of Goods (CISG) governs plaintiff's claim for breach of contract as raised in Count I of the Second Amended Complaint.[2] In the instant motion for summary judgment, defendants argue that plaintiff's claim for unjust enrichment raised in Count III is precluded by application of the CISG to plaintiff's breach of contract claim inasmuch as the CISG provides the exclusive remedies for breach of contract, which does not include equitable relief for the same breach.

Plaintiff essentially agrees that if express contracts

---

[2] Because the CISG does not preempt claims for fraud, Electrocraft Ark., Inc. v. Super Elec. Motors, Ltd., No. 4:09CV00318 SWW, 2009 WL 5181854, at *7 (E.D. Ark. Dec. 23, 2009), plaintiff's fraud claim, as discussed at Sec. I.A, supra, is governed by state law. See TeeVee Toons, Inc. v. Gerhard Schubert GmbH, No. 00 Civ. 5189 (RCC), 2006 WL 2463537 (S.D.N.Y. Aug. 23, 2006).

are found to exist between the parties, the CISG would preempt plaintiff's claim of unjust enrichment.  See <u>Electrocraft Ark., Inc. v. Super Elec. Motors, Ltd.</u>, No. 4:09CV00318 SWW, 2009 wl 5181854 at *7 (E.D. Ark. Dec. 23, 2009) (unjust enrichment claim preempted and subsumed by CISG where existence of valid contract not in dispute); <u>see also</u> <u>Howard v. Turnbull</u>, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) (Missouri law).  <u>But see</u> <u>21 West, Inc. v. Meadowgreen Trails, Inc.</u>, 913 S.W.2d 858, 882 (Mo. Ct. App. 1995) (party permitted to try alternative theories of breach of contract and unjust enrichment, but allowed only one award to prevent doubling of damages).  However, as noted by plaintiff, defendants do not concede the existence of such express contracts and, indeed, affirmatively deny the existence of one of the three challenged contracts in this cause.  (<u>See</u> Defts.' Ans. to Sec. Amd. Compl., Doc. #136, at para. 10.)  Given the parties' dispute as to the existence of the relevant contracts in this cause, the information and evidence before the Court fail to demonstrate that the CISG precludes plaintiff's claim for unjust enrichment as a matter of law.

Accordingly, it cannot be said that defendants have established their right to judgment on plaintiff's claim of unjust enrichment with such clarity as to leave room for no controversy and that plaintiff is not entitled to prevail on this claim under any discernable circumstances.  <u>Vette Co.</u>, 612 F.2d at 1077. Therefore, defendants' motion for summary judgment should be denied

to the extent it seeks judgment as a matter of law on Count III of plaintiff's Second Amended Complaint.

C.  *Count IV – Specific Performance*

Inasmuch as Count IV of plaintiff's Second Amended Complaint was dismissed without prejudice on September 8, 2010, defendants' motion for summary judgment on plaintiff's claim of specific performance as raised in Count IV should be denied as moot.

II. <u>Plaintiff's Motion for Partial Summary Judgment</u>

In this cause of action, plaintiff alleges that it and defendants entered into three high/low agreements pursuant to which defendants agreed to make initial shipments of products in exchange for plaintiff's payment of a premium price for such shipments, and then to make additional shipments of products in exchange for plaintiff's payment of substantially lower prices.  Plaintiff contends that these high/low arrangements were based on an average price per kilogram of relevant product when viewed in the context of the entirety of each product to be shipped and the entirety of payments to be made. Plaintiff alleges that defendants shipped all of the premium-priced products for which plaintiff paid the premium price, but failed to deliver all of the products at the lower price.  Plaintiff argues that because it did not receive all of the products for which it contracted, yet paid amounts including the premium price for the limited products received, the payments made to defendants resulted in an amount substantially higher than the

average price-per-kilogram for which it contracted, which resulted in an overpayment to defendants of $5,097,000.00. In the instant motion for partial summary judgment, plaintiff argues that, as a matter of law, it is entitled to the return of such $5,097,000.00 it paid for products defendants never delivered.

As set out above, the validity and/or existence of the relevant contracts are at issue in this cause. In addition, a review of the record demonstrates there to be genuine issues of material fact as to the existence of certain terms and conditions of such contracts, including terms and conditions permitting defendants to unilaterally cancel the contracts without notice and the extent to which contractual consequences, if any, would result to either party in the event of cancellation. Genuine issues also exist as to whether, when viewed *in toto*, plaintiff's payments to defendants indeed included overpayments or constituted agreed-to payments based on the precise terms of the contracts.

In light of these genuine issues relating to the existence and terms of the contracts themselves, it cannot be said that plaintiff has established its right to judgment as a matter of law on its claim that it overpaid on the contracts and is entitled to recovery of such overpayment. Plaintiff's motion for partial summary judgment should therefore be denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants MEMC Electronic

Materials, Inc., and MEMC Pasadena, Inc.'s Motion for Summary Judgment on Counts II-IV (Doc. #111) is denied with respect to Counts II and III of plaintiff's Second Amended Complaint, and denied as moot with respect to Count IV of plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff Semi-Materials Co., Ltd.'s Motion for Partial Summary Judgment (Doc. #167) is denied.

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _10th_ day of January, 2011.