UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEMI-MATERIALS CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06CV1426 FRB |
| ) | |
| MEMC ELECTRONIC MATERIALS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc.'s Motion to Exclude Testimony of Patricia E. Pacey (Doc. #114), and Motion to Exclude Testimony of John Berg (Doc. #116). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Semi-Materials Co., Ltd. ("Semi-Materials"), brings this action against defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc. (collectively "MEMC"), alleging that defendants' actions in procuring and then failing to perform on certain contracts constituted fraud and breach of contract from which plaintiff argues it is entitled to compensatory and punitive damages. Plaintiff also contends that defendants were unjustly enriched by their conduct and that plaintiff is therefore entitled to restitution. Jury trial is presently set in this matter on February 22, 2011.

Plaintiff has proffered the expert opinion of Dr. Patricia E. Pacey with respect to the amount of damages it suffered on account of defendants' alleged breach of the contracts at issue in this cause.  Plaintiff has also proffered the expert opinion of Mr. John Berg with respect to estimation of spot pricing of the relevant products during the period at issue, so as to provide a basis upon which a measurement of damages may be made.  In the instant motions, defendants seek to exclude the testimony of these designated expert witnesses, arguing that their proffered testimony is unreliable and inadmissible under the standards set out in Daubert[1] and its progeny.

Rule 702, Federal Rules of Evidence, governs the admissibility of expert testimony and allows testimony based upon "scientific, technical, or other specialized knowledge," if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue[.]"  The trial court is charged with the duty to ensure that testimony admitted under Rule 702 "is not only relevant, but reliable."  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993); Weisgram v. Marley Co., 169 F.3d 514, 517 (8th Cir. 1999).  Plaintiff, as the proponent of the challenged expert evidence here, bears the burden of proving by a preponderance of the evidence that the conditions of admissibility exist.  Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir.

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

2001); Pillow v. General Motors Corp., 184 F.R.D. 304, 307 (E.D. Mo. 1998).

In United States v. Vesey, 338 F.3d 913 (8th Cir. 2003), the Eighth Circuit explained that:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence, see Arkwright Mut. Ins. Co. v. Gwinner Oil[, Inc.] Co., 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it "is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; see also General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997).

Vesey, 338 F.3d at 916-17.

The Court's inquiry under Fed. R. Evid. 702 is a flexible one and must be "tied to the facts of [the] particular case." Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150 (1999) (internal quotation marks and citations omitted); Daubert, 509 U.S. at 594. "Too much depends upon the particular circumstances of the

particular case at issue." Kuhmo Tire, 526 U.S. at 150. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Hartley v. Dillard's, Inc., 310 F.3d 1054, 1061 (8th Cir. 2002) (quoting Bonner v. ISP Techs., Inc., 259 F.3d 924 (8th Cir. 2001)). Accordingly, questions of conflicting evidence must be left for the jury's determination, and a trial court should resolve doubts regarding an expert's testimony "in favor of admissibility." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 758 (8th Cir. 2006). It is also true, however, that if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded. Hartley, 310 F.3d at 1061.

Against this backdrop, the Court will address each of defendants' motions in turn.

A. Motion to Exclude Testimony of Patricia M. Pacey

In the instant motion, defendants seek to exclude the testimony of Dr. Pacey, arguing 1) that the methodology used by Dr. Pacey to calculate plaintiff's purported damages is legally flawed on account of Dr. Pacey's application of article 76 of the United Nations Convention on the International Sale of Goods (CISG) instead of article 74, which defendants contend constitutes the proper article of the CISG pursuant to which damages are to be

measured in the circumstances of this case; 2) that Dr. Pacey's damages calculations are unreliable inasmuch as she bases such calculations on the incorrect market price calculations of John Berg; and 3) that Dr. Pacey's opinion regarding defendants' motives for engaging in the alleged conduct are unreliable and speculative. Plaintiff has responded to defendants' motion to which defendants have replied. With leave of Court, plaintiff filed a sur-reply brief in further response to the motion.

    A.   *Article 74 versus Article 76 Measurement of Damages*

Under the CISG, "[i]f the seller fails to perform any of his obligations under the contract or this Convention, the buyer may . . . claim damages as provided in articles 74 to 77." CISG, Part III, Ch. II, Sec. III, art. 45(1)(b). Article 74 provides the measurement of damages in cases where a breach of contract is found:

> Damages for breach of contract by one party consist of a sum equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach. Such damages may not exceed the loss which the party in breach foresaw or ought to have foreseen at the time of the conclusion of the contract, in the light of the facts and matters of which he then knew or ought to have known, as a possible consequence of the breach of contract.

CISG, Part III, Ch. V, Sec. II, art. 74.

Articles 75 and 76 of the CISG address circumstances where the

contract at issue is avoided. The measurement of damages in such circumstances depends upon whether, and to what extent, the buyer has covered with replacement goods:

> If the contract is avoided and if, in a reasonable manner and within a reasonable time after avoidance, the buyer has bought goods in replacement or the seller has resold the goods, the party claiming damages may recover the difference between the contract price and the price in the substitute transaction as well as any further damages recoverable under article 74.

Id. at art. 75.

> If the contract is avoided and there is a current price for the goods, the party claiming damages may, if he has not made a purchase or resale under article 75, recover the difference between the price fixed by the contract and the current price at the time of avoidance as well as any further damages recoverable under article 74. . . .

Id. at art. 76(1).

In circumstances where there is a breach of contract and there is no avoidance of the contract by either party, only article 74 applies with respect to the measure of damages. See Macromex SRL v. Globex Int'l, Inc., No. 08 Civ. 114 (SAS), 2008 WL 1752530, at *4 (S.D.N.Y. Apr. 16, 2008). However, where there is an avoidance of a contract, the plain language of articles 75 and 76 of the CISG permit a party to recover damages as measured thereunder, "as well as any further damages recoverable under

article 74." CISG, Part III, Ch. V, Sec. II, arts. 75, 76. As such, in circumstances where a contract is found to have been avoided, articles 74 and 76 are not mutually exclusive remedy provisions. Instead, a party may recover under article 76 *and*, in appropriate circumstances, article 74.

A review of the evidence and arguments in this case shows plaintiff to contend that it avoided the contracts at issue. Whether and to what extent such avoidance took place, the time of such avoidance, and indeed whether there was a breach of any of the contracts at issue, are questions to be resolved at the trial of this cause. In light of the present status of this matter and plaintiff's position that the contracts were avoided, plaintiff is not limited to seeking damages under only article 74 of the CISG as defendants contend, but may also seek damages under article 76. Accordingly, plaintiff is not precluded from presenting evidence of article 76 damages.

The disputed factual circumstances underlying this cause of action dictate whether plaintiff is entitled to any recovery of damages and, if so, whether such recovery is to be had under article 74 of the CISG, article 76, or both. Because Dr. Pacey's expert opinion turns on the factual basis of the alleged breach and/or avoidance of the contracts, defendants may examine the factual basis of her testimony, and thus her credibility, on cross-examination. Hartley, 310 F.3d at 1061.

Accordingly, to the extent defendants seek to exclude Dr. Pacey's testimony on account of her application of article 76 of CISG, defendants' motion should be denied.

B.  *Reliance on Opinion of John Berg*

Defendants argue that Dr. Pacey's calculations of purported damages are flawed, in part, because of her reliance on John Berg's incorrect calculations regarding spot market prices of chunk polysilicon and ingot.  As noted by plaintiff, however, Dr. Pacey has since supplemented the relevant portion of her April 2010 report and no longer relies on Mr. Berg's calculations.  (See Pacey Suppl. Report, Doc. #130-1.)  Instead, in her supplemental report, Dr. Pacey bases her damages calculations upon price data provided by MEMC subsequent to the original report.  (Id.)  Although in their reply brief, defendants argue that Dr. Pacey's supplemental report continues to rely on the erroneous spot market prices provided by Mr. Berg, a review of the supplemental report *in toto* belies this assertion.

To the extent Dr. Pacey's supplemental calculations relating to polysilicon do not differ from those made in her original report, Dr. Pacey explains in her supplemental report that the minimal variance in pricing rendered a change in her opinion unnecessary.  (Pacey Suppl. Report, Doc. #130-1, at p. 3.)  To the extent Dr. Pacey references Mr. Berg's calculations in Appendices I and II of her supplemental report, a review of the appendices

shows them to merely compare Mr. Berg's prices with those subsequently provided by MEMC. (Id. at pp. 11, 14.) Indeed, a review of Dr. Pacey's supplemental report shows Dr. Pacey to have incorporated the MEMC-provided data into her relevant calculations. (See id. at p. 4.) Inasmuch as defendants seek to challenge the factual basis of Dr. Pacey's report, they may do so on cross-examination. Hartley, 310 F.3d at 1061.

Because Dr. Pacey used the MEMC-provided data in preparing her supplemental report, defendants' request to exclude Dr. Pacey's expert opinion for the reason that she relied on Mr. Berg's erroneous calculations should be denied.

    C.   *Defendants' Motives for Engaging in Alleged Conduct*

Dr. Pacey offers opinions regarding defendants' motives for their alleged cancellation of high/low agreements, including purported benefits to MEMC executives resulting from such cancellations. Defendants seek to exclude these opinions, arguing that they are entirely speculative and not based on reliable evidence. Plaintiff has not responded to this argument.[2]

Although plaintiff responded to the other arguments raised in defendants' Motion to Exclude, it has utterly failed to address defendants' instant argument relating to Dr. Pacey's

---

[2]The undersigned notes that in their reply brief, defendants addressed plaintiff's failure to acknowledge this argument. (Defts.' Reply, Doc. #144 at p. 9.) Notably, in its sur-reply brief, plaintiff continued in its failure to address the argument. (See Pltf.'s Sur-Reply, Doc. #156.)

opinion regarding defendants' motives for their alleged conduct in this case. The Court construes such failure as an abandonment of plaintiff's intention to introduce such opinion and therefore determines to grant defendants' motion in this regard. See <u>Spencer v. Moreno</u>, No. 4:02CV3049, 2003 WL 1043318, at *5 (D. Neb. Mar. 11, 2003) (failure to show or to attempt to show right to pursue claim in response to arguments raised in defendants' motion appears to constitute an abandonment of the claim or a concession to defendants' argument). <u>See also</u>, e.g., <u>Siepel v. Bank of Am., N.A.</u>, 239 F.R.D. 558, 566 (E.D. Mo. 2006) (because plaintiffs failed to address defendants' arguments raised in motion to dismiss relating to certain claims, court grants motion on such claims and dismisses those claims with prejudice) (citing <u>Figueroa v. United States Postal Serv.</u>, 422 F. Supp. 2d 866, 879 (N.D. Ohio 2006) (viewing the failure to respond to arguments in a motion to dismiss as a concession that the claim fails as a matter of law); <u>Scognamillo v. Credit Suisse First Boston LLC</u>, No. 03-2061, 2005 WL 2045807, at *11 (N.D. Cal. Aug. 25, 2005) (holding that plaintiffs' failure to respond to argument warranted dismissal with prejudice)); <u>Georges v. Accutira Mortg., Inc.</u>, No. 4:08-cv-201 (JCH), 2008 WL 2079125, at *5 (E.D. Mo. May 15, 2008) (court accepts defendant's argument that plaintiff's claim is untimely inasmuch as plaintiff failed to respond to argument).

II. <u>Motion to Exclude Testimony of John Berg</u>

In the instant motion, defendants seek to exclude the testimony of Mr. Berg, arguing 1) that Mr. Berg's methodology of using a multiplier instead of relevant market data in estimating spot prices of ingot is severely defective; 2) that Mr. Berg ignored available and relevant data in making such calculations; 3) that Mr. Berg's methodology in calculating spot prices based on the high prices of the high/low agreements contradicts plaintiff's allegations and the opinions of Dr. Pacey, plaintiff's other proffered expert witness; and 4) that Mr. Berg is not qualified to render an expert opinion regarding historic market prices of the products at issue in this cause. Plaintiff has responded to defendants' motion to which defendants have replied.

As an initial matter, the undersigned notes that, similar to Dr. Pacey, Mr. Berg provided a supplemental report in August 2010 which contains revised estimates of ingot spot prices based on data provided by defendants MEMC subsequent to Mr. Berg's original report. As such, to the extent defendants challenge the methodology used by Mr. Berg to provide his initial opinion on the spot market prices of ingot, the motion to exclude is moot as to such opinion. To the extent defendants continue to challenge Mr. Berg's use of the high/low agreements to estimate relevant spot prices, such challenge is directed to the factual basis of Mr. Berg's opinion. As such, it is the credibility of Mr. Berg's

testimony, and not the admissibility, which is at issue. Defendants' challenge to the factual basis of Mr. Berg's opinion is properly addressed in cross-examination at the trial of this cause. <u>Hartley</u>, 310 F.3d at 1061.

Likewise, Mr. Berg's relative experience in the matter at issue may be explored on cross-examination. <u>See</u> <u>Allen v. Brown Clinic, P.L.L.P.</u>, 531 F.3d 568, 574 (8th Cir. 2008). "Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." <u>Robinson v. GEICO Gen. Ins. Co.</u>, 447 F.3d 1096, 1100-01 (8th Cir. 2006) (internal quotation marks and citation omitted). <u>See also</u> <u>Lauria v. Nat'l R.R. Passenger Corp.</u>, 145 F.3d 593, 598 (3d Cir.1998) (holding trial court abused its discretion by excluding testimony simply because the trial court did not deem proposed expert to be the best qualified or because proposed expert did not have the specialization that the trial court considered most appropriate), <u>cited approvingly in</u> <u>Robinson</u>, 447 F.3d at 1100-01.

The Court has thoroughly reviewed the opinions of Mr. Berg, the evidence and information upon which his opinions are based, his deposition testimony, and the other proffered expert opinions in this cause. Although the Court is not without doubt regarding the strength of Mr. Berg's opinions, it cannot be said that such opinions are so fundamentally unsupported that they can offer no assistance to the jury. Defendants will have the

opportunity to challenge Mr. Berg's assumptions and methodology through cross-examination and by the presentation of their own expert(s) and contrary evidence. Such opportunity for "cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. See also Synergetics, Inc. v. Hurst, 477 F.3d 949, 955-56 (8th Cir. 2007) (citing Daubert, 509 U.S. at 596; EFCO Corp. v. Symons Corp., 219 F.3d 734, 739 (8th Cir. 2000)).

III. Timeliness of Supplemental Reports

To the extent defendants request that Dr. Pacey and Mr. Berg be precluded from testifying as to their supplemental reports due to their untimely disclosure, the request is denied. It was not until after the deadline imposed for plaintiff to provide its expert reports when defendants provided the data upon which Dr. Pacey and Mr. Berg base their supplemental reports. Although defendants argue that they provided the relevant data only one week after such deadline, that is, on April 16, 2010, plaintiff argues that such data was demonstrative only and was not verified until June 2010. Nevertheless, despite this disputed time of discovery, defendants have presented nothing to the Court demonstrating that they were prevented from questioning either Dr. Pacey or Mr. Berg with regard to such data at their depositions which took place in May 2010.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc.'s Motion to Exclude Testimony of Patricia E. Pacey (Doc. #114) is granted to the extent defendants seek to exclude Dr. Pacey's offered opinions regarding defendants' motives for their alleged cancellation of high/low agreements. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that defendants MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc.'s Motion to Exclude Testimony of John Berg (Doc. #116) is denied.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _10th_ day of January, 2011.